**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MOHAMMED MONJURUL ALAM                                          PLAINITFF

v.                              No. 5:14CV00366-BSM-JJV

CAROLYN W. COLVIN,
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                 DEFENDANT

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for Chief United States District Judge Brian S. Miller.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than fourteen days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within fourteen days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Miller may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Recommended Disposition

Mohammed Monjurul Alam seeks judicial review of the denial of his application for social security disability benefits.[3]  Mr. Alam claims he has been disabled since his right ankle was fractured in a motor vehicle accident on September 17, 2010.[4]  He bases disability on the right-ankle fracture and injuries from a remote bicycle accident.[5]

**The Commissioner's decision**.   After considering the application, the Administrative Law Judge (ALJ) identified severe impairments: status-post right ankle fracture, status-post right open reduction internal fixation of the distal tibia, status-post right peroneal nerve injury, arthritis of the right ankle and right knee, diabetes mellitus, medial meniscus tear, and non-union of the left clavicle.[6]  The ALJ determined the impairments permit sedentary work.[7]  The ALJ assessed that Mr. Alam can no longer do his past relevant work,[8] but using the services of a vocational expert, identified jobs he can

---

[3]SSA record at pp. 143 & 147 (applying on Feb. 16, 2011 and alleging onset Sept. 17, 2010).

[4]*Id*. at p. 239 (emergency room visit after motor vehicle accident) & p. 243 (diagnostic imaging showing right ankle fracture).

[5]*Id*. at pp. 166 & 184.

[6]*Id*. at p. 18.

[7]*Id*. at p. 19.

[8]*Id*. at p. 22 (finding claimant unable to perform his past relevant work as sales clerk, taxi driver, cook or waitress).

do despite his impairments.[9]  The ALJ concluded Mr. Alam is not disabled and denied the application.[10]

After the Appeals Council denied review,[11] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[12] Mr. Alam filed this case to challenge the decision.[13]

**Mr. Alam's allegations**.  Mr. Alam contends the record was not fully and fairly developed because the ALJ sought no medical opinion from a treating physician and ordered no consultative exam.  He characterizes agency medical expert opinion as ambiguous and requiring clarification.  He challenges the evaluation of his credibility.  He says the hypothetical question omitted impairments.  For these reasons, he argues substantial evidence does not support the decision.[14]

**Applicable legal principles**. When reviewing a decision denying an application for

---

[9]*Id.* at p. 23 (determining claimant can work as food and beverage clerk, document preparer, and printed circuit board screener).

[10]*Id.*

[11]*Id.* at p. 4.

[12]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[13]Docket entry # 1.

[14]Docket entry # 10.

disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15]  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the determination that Mr. Alam can do some sedentary work.[16]  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[17]

The ALJ placed several requirements on sedentary work,[18] but some of them do not limit sedentary work.  The limiting requirements are: (1) occasional use of foot controls, overhead reaching, pushing/pulling, and use of arm controls, and (2) the need for a

---

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[16]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[17]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[18]SSA record at p. 19 (determining claimant Alam can (1) lift/carry 10 pounds occasionally and frequently, (2) stand/walk for two hours and sit for six hours, (3) walk with a cane, (4) occasionally crouch, crawl, climb, use foot controls, reach overhead, push/pull, and use arm controls, (5) work at a consistent pace with up to three breaks per day, (6) maintain attention and concentration at two hour intervals; and he must avoid hazardous heights, moving machinery, and climbing ropes/ladders/scaffolds and requires a sit/stand option).

sit/stand option.  The question for the court is whether a reasonable mind will accept the evidence as adequate to show Mr. Alam can work within the ALJ's parameters.  A reasonable mind will accept the evidence as adequate for the following reasons:

1.  **The medical evidence shows nothing preventing sedentary work**.  Sedentary work "represents a significantly restricted range of work.  Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[19]  The right-ankle fracture resolved with treatment,[20] but Mr. Alam still experiences some pain when walking.[21]  His doctor recommended a right-ankle fusion,[22] but Mr. Alam declined further surgery.

As for the remote injuries, Mr. Alam's doctor recommended knee replacement to improve pain and range of motion in the right knee,[23] but Mr. Alam did not pursue the recommendation.  The non-union of the clavicle is asymptomatic.[24]

---

[19]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

[20]SSA record at p. 320 (Feb. 4, 1011: diagnostic imaging shows appropriately healed ankle fracture with hardware in place).

[21]*Id*. at p. 398 (Mar. 18, 2011: mild ankle pain with walking, soreness on palpation) & p. 389 (June 22, 2011: ankle pain every step, but ankle brace helps significantly).

[22]*Id*. at p. 389.

[23]*Id*.

[24]*Id*. at p. 291.

The right-ankle injury and the remote injuries preclude a lot of walking or standing, but sedentary work does not require extensive walking or standing.  Three medical experts limited Mr. Alam to two hours of standing or walking in an eight-hour day, but opined that Mr. Alam can sit for six hours per day.[25]  The ability to sit for six hours is consistent with sedentary work.[26]  Mr. Alam complained about pain in the left shoulder with range of motion, but diagnostic imaging shows a normal shoulder[27] and the ALJ limited use of the shoulder by requiring occasional overhead reaching, pushing/pulling, and arm controls. Medical evidence shows no serious functional limitation preventing sedentary work.

**2.  The record includes sufficient evidence**.  Mr. Alam complains because the ALJ relied on three agency expert opinions rather than seeking a treating-physician opinion about his functional capacity.  He contends the ALJ should have clarified agency expert opinions.

An ALJ must seek clarifying statements if a crucial issue is undeveloped.[28]  The crucial issues in this case were pain and limitation of the right ankle and right knee.  The record contains treating-physician assessments of these issues.

---

[25]*Id*. at pp. 364, 428 & 730.

[26]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work.*

[27]SSA record at p. 547.

[28]*Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010).

Nine months after the motor vehicle accident, Mr. Alam's doctor diagnosed endstage traumatic arthritis of the right knee and moderate to severe arthritis of the right ankle.[29]  The doctor provided detailed exam findings and counseled Mr. Alam about his options.  The ALJ had two agency medical assessments, but sought additional guidance from an orthopedic surgeon.  No crucial issue was undeveloped.  No reason existed for a consultative exam because the record includes sufficient evidence to determine whether Mr. Alam is disabled.[30]

**3.  Medical opinion evidence is clear**.  Mr. Alam characterizes medical opinion evidence as ambiguous, but after close review of the record I find no ambiguity.  After the ankle fracture healed, an agency medical expert limited Mr. Alam to sedentary work.[31]  After receiving additional medical evidence, a second agency medical expert limited Mr. Alam to sedentary work.[32]  After the evidence closed, the ALJ sought an assessment from an orthopedic surgeon.  The surgeon responded, "I believe from the evidence that he is only capable of sedentary work due to post traumatic arthritis of his right ankle."[33]  This

---

[29]SSA record at p. 389.

[30]*Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) ("The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.").

[31]SSA record at p. 364-71.

[32]*Id*. at pp. 428-36.

[33]*Id*. at p. 732.

opinion is particularly probative of the claim because an orthopedic surgeon specializes in the underlying impairments.  Purported ambiguities do not overcome the assessment.

**4.  Substantial evidence supports the credibility evaluation**.  Mr. Alam claims the evaluation of his credibility is not supported by substantial evidence, but a reasonable mind will accept the evidence as adequate to discount subjective allegations.  The ALJ observed that Mr. Alam takes no prescription medication for alleged disabling pain,[34] he sought no treatment for the right ankle or right knee after learning his options, and diagnostic imaging of the left shoulder shows no significant arthritic change.[35]  These observations provided a sufficient basis for discounting credibility.  The ALJ also noted testimony about working part-time work,[36] but a treatment note indicates Mr. Alam worked full-time at a gas station.[37]

**5.  The hypothetical question captured the concrete consequences of Mr. Alam's impairments**.  Mr. Alam contends the vocational evidence is unreliable because the hypothetical question is an incomplete portrayal of his limitations, but the ALJ may exclude alleged impairments properly rejected as untrue or unsubstantiated.[38]  A hypothetical

---

[34]*Id*. at p. 213 & 290.

[35]*Id*. at p. 547 (diagnostic imaging of left shoulder).

[36]*Id*. at p. 21.

[37]*Id*. at p. 679 (Oct. 20, 2011: he works at gas station full time).

[38]*Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011).

question is sufficient if it captures the concrete consequences of the claimant's deficiencies.[39]

The ALJ's hypothetical question captured the concrete consequences of Mr. Alam's impairments by: (1) requiring work requiring mostly sitting due to the right ankle and right knee, (2) limiting postural functions and the use of foot controls due to the right ankle and right knee, (3) limiting overhead reaching, pushing/pulling, and use arm controls due to clavicle non-union and allegations of shoulder pain, (4) eliminating work hazards and moving machinery, and (5) requiring work permitting a worker to alternate between sitting and standing and use a cane.   These requirements show the ALJ credited subjective allegations[40] to the extent they have some evidentiary basis in medical evidence.

The problem for Mr. Alam is that medical evidence shows no problem with the left shoulder and he sought no treatment for the right knee and right ankle.  A reasonable mind would expect a person with disabling pain in the left shoulder, right ankle, and right knee to seek some type of treatment.  The hypothetical question sufficiently addressed Mr.

---

[39]*Perkins,* 648 F.3d at 901-02.

[40]When asked why he was unable to work, Mr. Alam provided the following explanation:

> First thing, I cannot move my leg.  I cannot pull something with my hand, and, and I cannot sit down like couple hours, I cannot stand up couple of hours, I cannot lay down couple of hours.  It will be like probably 40 minutes later I have to move.  My leg is mostly swelling, start paining.  I cannot – stay more than a couple of hours, I cannot.

SSA record at p. 36.

Alam's impairments.  The ALJ properly relied on vocational evidence identifying work for a person with Mr. Alam's impairments.

## Conclusion

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  Mr. Alam's impairments do not prevent some sedentary work.  The ALJ made no reversible legal error.  For these reasons, the undersigned magistrate judge recommends AFFIRMING the Commissioner's decision and DISMISSING Mr. Alam's Complaint (docket entry # 2) with prejudice.

Dated this 29th day of October, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE